Filed 6/30/26  P. v. Quiroz CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FABIAN PABLO QUIROZ,<br><br>Defendant and Appellant. | F090361<br><br>(Super. Ct. No. F23907735)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Jr., Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

On June 9, 2025, a jury found defendant Fabian Pablo Quiroz guilty of assault with a semi-automatic firearm (count 1) and assault with a firearm (count 2).  He was

---

[*] Before Detjen, Acting P. J., Snauffer, J. and De Santos, J.

sentenced to 27 years to life plus 13 years on count 1, and the sentence on count 2 was stayed.

On appeal, Quiroz argues that his conviction on count 2 must be reversed because it is a lesser included offense of count 1. He also argues that the determinate sentence must be vacated because it consists solely of enhancements in violation of Penal Code section 1170.1, subdivision (d).[1] The People agree as to first argument but disagree as to the second.

We agree that Quiroz's conviction for assault with a firearm must be reversed. However, in all other respects, we affirm the judgment.

## PROCEDURAL HISTORY

On February 8, 2024, the Fresno County District Attorney filed a first amended information charging Quiroz with assault with a semi-automatic firearm (§ 245, subd. (b); count 1); assault with a firearm (§ 245, subd. (a)(2); count 2); and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 3). As to counts 1 and 2, the first amended information alleged Quiroz personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)). The first amended information also alleged two aggravating factors, that Quiroz had two prior strike convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and that Quiroz had one prior serious felony conviction (§ 667, subd. (a)(1)).

On June 9, 2025,[2] the trial court dismissed count 3, without prejudice, at the prosecutor's request. On that same day, a jury found Quiroz guilty on counts 1 and 2. As to both counts, the jury found true that Quiroz personally used a firearm and personally inflicted great bodily injury. In a bifurcated proceeding, the court found true both

---

[1] Undesignated statutory references are to the Penal Code unless otherwise noted.

[2] Subsequent references to dates are to dates in 2025.

2.

aggravating factors, both prior strike conviction allegations, and the prior serious felony conviction allegation.

On August 11, the trial court sentenced Quiroz. As to count 1, the court sentenced Quiroz to 27 years to life pursuant to the "Three Strikes" law, plus 13 years (10 years for the firearm enhancement and 3 years for the great bodily injury enhancement). The court also imposed an aggregate term of 38 years to life on count 2, but it stayed this sentence pursuant to section 654.

On August 27, Quiroz timely filed a notice of appeal.

## FACTUAL SUMMARY[3]

On October 8, 2023, Quiroz shot A.O. with a semi-automatic firearm in both legs as A.O. walked through an alley. Prior to this incident, A.O. had never interacted with Quiroz.

## DISCUSSION

### I.      Quiroz's Conviction for Assault With a Firearm Must Be Reversed

Quiroz argues that his conviction for assault with a firearm must be reversed because it is a lesser included offense of assault with a semi-automatic firearm. The People agree, as do we.

"The law prohibits simultaneous convictions for both a greater offense and a lesser offense necessarily included within it, when based on the same conduct. [Citation.] 'When the jury expressly finds defendant guilty of both the greater and lesser offense … the conviction of [the greater] offense is controlling, and the conviction of the lesser offense must be reversed.' " (*People v. Milward* (2011) 52 Cal.4th 580, 589.)

Here, there is no dispute that Quiroz's conviction for assault with a firearm is based on the same conduct as his conviction for assault with a semi-automatic firearm.

---

**3** Because the facts underlying the charges have minimal relevance to the issues before us, we include only a brief summary of these facts.

Assault with a firearm is a lesser included offense of assault with a semi-automatic firearm. (*People v. Martinez* (2012) 208 Cal.App.4th 197, 199.) Accordingly, Quiroz's conviction for assault with a firearm must be reversed.

## II. Quiroz's Sentence Does Not Violate Section 1170.1, Subdivision (d)

Quiroz argues that his determinate term of 13 years must be vacated because it consists solely of enhancements in violation of section 1170.1, subdivision (d).

Quiroz's reliance on section 1170.1 is misplaced. "[T]wo different sentencing schemes coexist today: one determinate, the other indeterminate." (*People v. Felix* (2000) 22 Cal.4th 651, 654 (*Felix*); *People v. Valencia* (2026) 119 Cal.App.5th 1, 16.) As Quiroz was sentenced to an indeterminate term, section 1170.1 is inapplicable. (See *People v. Williams* (2004) 34 Cal.4th 397, 402 ["Section 1170.1 … applies only to *determinate* sentences."].) Moreover, determinate enhancements may attach to indeterminate terms. As our Supreme Court held in *Felix*, "[e]ven though enhancements such as that for section 12022.5 are themselves determinate, i.e., for a specified number of years, they may be attached to indeterminate as well as determinate terms. Section 669 makes this clear, as do the applicable enhancements themselves. (E.g., § 12022.5, subd. (a)(1) [applying whenever a person uses a firearm in the commission or attempted commission of a felony].)" (*Felix*, at pp. 655–656.)

Quiroz attempts to distinguish *Felix*, arguing that it "was guided by section 669 when it reached this conclusion. Section 669 deals with imposition of consecutive sentences. Section 669 does not address the instant case because [Quiroz] was not sentenced to consecutive terms for any crimes." Quiroz misreads *Felix*. While it is true *Felix* relied in part on section 669 when holding that determinate enhancements "may be attached to indeterminate as well as determinate terms," it also relied on the language of the "enhancements themselves." (*Felix*, *supra*, 22 Cal.4th at pp. 655–656.) In fact, *Felix* specifically relied on the language of the firearm enhancement that is at issue in this case

4.

(§ 12022.5, subd. (a)(1)). (*Felix,* at p. 656*.*) While Quiroz is correct that *Felix* did not directly address his argument regarding section 1170.1, as noted above, this section only applies to determinate sentences.

Accordingly, based on the foregoing, Quiroz's sentence does not violate section 1170.1.

## **DISPOSITION**

Quiroz's conviction on count 2 for assault with a firearm is reversed. The trial court is ordered to modify its records to reflect this disposition and advise the appropriate authorities. In all other respects, the judgment is affirmed.